UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ARMSTRONG, | Case No. 2:19-cv-01325-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| CITY OF FAIRFIELD, et al., | |
| Defendant. | |

On July 16, 2019, plaintiff Jessica Armstrong filed a complaint against the City of Fairfield and two Fairfield police officers. Compl., ECF No. 1. Armstrong also moved to proceed in forma pauperis. IFP App., ECF No. 2.

Plaintiff submits a declaration attesting to her inability to prepay fees and costs or give security for them. *See* 28 U.S.C. § 1915(a)(1); IFP App. After reviewing plaintiff's application, the court finds she has alleged poverty with sufficient particularity and GRANTS the motion to proceed in forma pauperis. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Upon granting an application to proceed in forma pauperis, the court is required to screen the complaint to determine whether it is "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

Here, plaintiff alleges that on March 16, 2017, as she sat in her car with her children before shopping at a Food Maxx in Fairfield, California, her one-year old daughter began crying in her car seat. Compl. ¶¶ 9−10. Her daughter's cries prompted a passerby to approach plaintiff and then call police, with the passerby stating she had "heard a slap." *Id.* ¶¶ 11−13. Two Fairfield police officers then arrived, claiming they had received a report plaintiff was abusing her child. *Id.* ¶¶ 14−15. Rather than determining whether plaintiff's daughter had any injuries or showed signs of trauma, one officer repeatedly grabbed plaintiff's wrist as she held her daughter in her arms without giving her directions or commands, until plaintiff swatted the officer's arm away. *Id.* ¶¶ 16−20. The other officer then attempted to pull plaintiff's daughter from her arms, and despite plaintiff's pleas to be permitted to place her daughter in her car seat or hand her to her other child, an officer "delivered a full-force blow that struck the Plaintiff's left upper thigh as she was holding onto her baby." *Id.* ¶¶ 21−24. Plaintiff leaned into her vehicle and held onto her infant daughter, with her other child eventually taking the infant from plaintiff. *Id.* ¶ 25. The officers then turned plaintiff around and attempted to handcuff her, though her left hand became tangled in the handcuffs. *Id.* ¶ 26. One officer ordered plaintiff to release her hands, then struck her with his baton in her left upper thigh. *Id.* ¶ 27. When plaintiff turned to face the officers, one officer struck her in the face twice before the other officer placed her in a carotid hold and forced her to the ground. *Id.* ¶¶ 28−29. As plaintiff lay prone on the ground, an officer tased her using the taser's dart mode. *Id.* ¶ 30. Plaintiff was then taken into custody and, after being medically cleared at a local hospital, she was taken to the local jail. *Id.* ¶ 31. She pleaded guilty to California Penal Code Section 415(2). *Id.* ¶ 32. Plaintiff now sues under 42 U.S.C. § 1983, alleging excessive force, false arrest, negligence, battery, intentional infliction of emotional distress, false imprisonment, negligent hiring, training and supervision, and violation of California's Bane Act. *Id.* ¶¶ 34−96.

/////
/////
/////
/////
/////

Plaintiff's allegations are sufficient to survive mandatory screening, as they are not frivolous or malicious, state at least one claim upon which relief may be granted and do not appear to seek monetary relief from an immune defendant. *See, e.g.*, *Coe v. Schaeffer*, No. 2:13-CV-00432-KJM, 2014 WL 66753, at *4 (E.D. Cal. Jan. 8, 2014) (addressing excessive force claim). This order does not preclude defendants from moving to dismiss the complaint upon service. Plaintiff is ORDERED to effect service as required under Rule 4.

IT IS SO ORDERED.

DATED: September 5, 2019.

_____
UNITED STATES DISTRICT JUDGE